UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIKA ALEXANDRIA, <br><br> Plaintiff, <br><br> -against- <br><br> PRANA LIVING, LLC, <br><br> Defendant. | 23-cv-5297 (AS) <br><br> <u>DISMISSAL ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Erika Alexandria is a visually-impaired and legally blind person who claims Defendant's website is not accessible to blind persons. Dkt. 1 ¶¶ 2, 8. Maddy is represented by counsel in this matter.

This case was filed on June 22, 2023. Dkt. 1. On August 23, 2023, Plaintiff's counsel advised the Court that he was in contact with Defendant. Dkt. 9. On August 24, 2023, Plaintiff entered a waiver of service on the docket. Dkt. 10. But Defendant has not yet appeared. Additionally, the Court's Initial Pretrial Conference Order required the parties to submit a proposed case-management plan and joint letter by September 20, 2023. Dkt. 5. The parties failed to meet that deadline. When the Court ordered Plaintiff to update the Court on the status of the case and explain the noncompliance, Plaintiff also failed to respond to that order, despite the Court's warning that noncompliance could result in this case's dismissal. Dkt. 12.

On October 26, 2023, the Court issued a final warning. Dkt. 13. It asked for an update by November 2, 2023. The Court specifically warned, in boldface type, that "[f]ailure to comply with this order will result in the action's dismissal for failure to prosecute and for failure to comply with court orders." *Id.* Plaintiff has also failed to comply with that order.

Courts can dismiss a case sua sponte for failure to prosecute and for failure to comply with court orders. Fed. R. Civ. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). When deciding whether to do so, courts consider: (1) the duration of plaintiff's failures, (2) whether plaintiff was told that further delays would lead to dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) the proper balance between alleviating court calendar congestion and protecting plaintiff's right to due process and an opportunity to be heard, and (5) whether lesser sanctions could be effective. *Id.*

This Court finds that these factors favor dismissal here. Plaintiff has repeatedly ignored this Court's orders without explanation. *Cf. Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790 (PMH), 2021 WL 195948, at *2 (S.D.N.Y. Jan. 20, 2021) (finding dismissal warranted where plaintiff failed to respond to two separate orders). She has not taken

any action to prosecute this case since August 24, 2023. She has yet to respond in any way to this Court's numerous orders over the last six weeks. And she was warned that failing to comply with this Court's orders by November 2, 2023, would result in dismissal for failure to prosecute. There is no indication that Plaintiff intends to continue prosecuting this matter or that lesser sanctions would spur her into action. Plaintiff was implored to be heard but did not take up that offer, so dismissing this case is appropriate.

Plaintiff's claim is DISMISSED WITH PREJUDICE. *See* Fed. R. Civ. P. 41(b). The Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: November 6, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge